**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

DEMETRIUS CLARK,

      Petitioner,

    v.

WARDEN, FCI JESUP-LOW,

      Respondent.

CIVIL ACTION NO.: 2:25-cv-70

## REPORT AND RECOMMENDATION

Petitioner Demetrius Clark ("Clark"), who is currently incarcerated at the Federal Correctional Institution-Low in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1.  Respondent filed a Motion to Dismiss, and Clark filed a Response. Docs. 8, 11.  I notified the parties that I was converting the Motion to Dismiss into a Motion for Summary Judgment and allowed the parties the opportunity to submit additional evidence. Doc. 16.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's converted Motion for Summary Judgment, **DISMISS** Clark's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Clark *in forma pauperis* status on appeal.

## BACKGROUND

Clark is currently serving a federal sentence that the District Court for the Middle District of Georgia imposed for access device fraud, in violation of 18 U.S.C. § 1029(a)(3).  Doc. 8-1 at 8.  Clark is also serving a federal sentence that the District Court for the Middle District of Alabama imposed for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and for

a controlled substance offense, in violation of 21 U.S.C. § 841(a)(1).  Id. at 9.  Clark is serving an aggregated sentence of 120 months' imprisonment and has a projected release date of April 13, 2028, via good conduct release.  Doc. 8 at 2; Doc. 8-1 at 2, 10.

Clark was charged with a Code 108 possession of a hazardous tool after he was found in possession of a tablet with a cell phone hidden inside.  Doc. 8 at 2–3.  After a disciplinary hearing, Clark was sanctioned with a loss of 41 days' good conduct time and the loss of 90 days each of commissary and telephone privileges.  Id. at 4.

### FINDINGS OF FACT[1]

Clark contends that his due process rights were violated in three ways.  First, Clark states that his right to remain silent was used against him.  Clark also states he lost good conduct time credits without an investigation.  In addition, Clark states that he was not afforded the right to counsel for conduct that could also be prosecuted as a state crime (also in violation of his right to equal protection).  Doc. 1 at 6.

Clark was charged on March 19, 2024, with possession of a hazardous tool, in violation of Code 108.  Doc. 8-1 at 13.  Respondent asserts Clark's Petition should be denied because Clark for afforded all process due to him and some evidence supports the Disciplinary Hearing

---

[1]      This Court's Local Rule 56.1 requires a party moving for summary judgment to include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof."  Because the Court converted Respondent's Motion to Dismiss and allowed for the submission of additional evidence only, doc. 16, the Court has considered the parties' contentions in making a "Findings of Fact" section.  Clark signed his Petition under penalty of perjury, and the Court considers his allegations here.  Sconiers v. Lockhart, 946 F.3d 1256, 1262 (11th Cir. 2020) (noting that specific factual allegations in a sworn complaint must be considered for the purposes of summary judgment); see also Burke v. Bowns, 653 F. App'x 683, 695 (11th Cir. 2016) ("We also credit the specific facts pled in [a plaintiff's] sworn complaint when considering his opposition to summary judgment.") (quoting Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1098 (11th Cir. 2014)).  Clark did not sign his Response to the Motion to Dismiss, so the Court does not consider any contention in the Response for purposes of this section.  Doc. 11.  Respondent has included the declarations of McCall Young and K. Tisdale and supporting documentation in support of his Motion.  Docs. 8-1, 8-2.

2

Officer's ("DHO") findings.  Doc. 8 at 5–8.  Respondent also asserts that Clark had no Fifth Amendment right to remain silent or to counsel.  Id. at 8.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).  "If the evidence [produced by the non-moving party] is merely colorable or is not significantly probative summary judgment must be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law.  See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the non-moving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the non-moving party's case or the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)).  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable

inferences which can be drawn from the record in a light most favorable to the non-moving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

### I.        The BOP Met Due Process Requirements

#### A.        Disciplinary Proceedings

To determine whether Clark's right to due process was violated, the Court must determine what process was owed to Clark.  A prisoner has a protected liberty interest in statutory good time credits and, therefore, a prisoner has a constitutional right to procedural due process in the form of a disciplinary hearing before those credits are taken away or denied.  O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)).  That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact.  Id. (citing Wolff, 418 U.S. at 563–67).  Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing.  Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992).  Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants.  Id.

Clark was charged on March 19, 2024, with possession of a hazardous tool, in violation of Code 108.  Doc. 8-1 at 13.  A correctional staff member prepared an incident report, and Clark was given a copy of the incident report the next day.  Id.  The Unit Discipline Committee ("UDC") referred the matter to a DHO for further disposition after an investigation was conducted, as sanctions were unavailable at the UDC level for the charged violation.  Id. at 14;

4

Doc. 8-2 at 5.  As part of the UDC investigation, Lieutenant Turner advised Clark he had the right to remain silent; Clark stated he understood his rights and did not give a statement at that time.  Doc. 8-1 at 14; Doc. 8-2 at 5.  The UDC chair gave Clark his DHO hearing notice, and Clark signed this notice and indicated that he did not want a staff representative or witnesses at the hearing.  Doc. 8-2 at 5, 75.  Clark also signed the notice of his hearing rights.  Id. at 5, 76.  DHO Tisdale found Clark had committed the prohibited act, id. at 79, and imposed as sanctions the disallowance of 41 days of good conduct time and the loss of 90 days of commissary and telephone privileges, id. at 80.  DHO Tisdale signed his report on April 22, 2024, and the report was delivered to Clark the following day.  Id. at 81.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Clark received the required due process protections.  An incident report was issued on March 19, 2024, and Clark received this incident report the next day.  Id. at 71.  The UDC conducted an investigation and referred the matter to a DHO for hearing.  Id. at 73.  Clark was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on March 22, 2024, including the right to remain silent.  Id. at 75.  He received a DHO hearing on March 28, 2024.  Id. at 78.  Clark attended the hearing, and his rights were again read and reviewed with him, including the right to have a staff representative, to call witnesses, to present documentary evidence, and to remain silent.  Id. at 76, 79.  Clark declined to have a staff representative and did not wish to present evidence or witnesses, but he did provide as a statement: "I'm guilty.  I take full responsibility for this charge."  Id. at 78, 79.  DHO Tisdale noted Clark did not submit documentary evidence, either at the incident report phase or the DHO phase as a defense.  Id.  Following the hearing, DHO Tisdale detailed his factual and legal conclusions, and Clark was provided with the DHO's written report on April 23, 2024.  Id. at 81.  Thus, the well documented

evidence unequivocally demonstrates that Clark received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

As for Clark's contentions that he should have been afforded counsel and his right to remain silent was used against him, these contentions fail.  The Court reminds Clark he was "not entitled to a full panoply of rights" during a disciplinary process as criminal defendants are. Battle, 970 F.2d at 782–83.  However, Clark was advised of his right to have staff representation, which he declined to exercise.  And he was advised of his right to remain silent or to present a statement.  Clark provided an admission of guilt as his statement before the DHO.  Doc. 8-2 at 76, 78.  Clark fails to show his rights were violated during the disciplinary proceedings or that there is a genuine dispute as to any fact material to his claim.  The Court should **GRANT** this portion of Respondent's converted Motion for Summary Judgment.

**B.      Some Evidence Supports the DHO's Findings**[2]

Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

---

[2]      Clark does not challenge the sufficiency of the evidence used to convict him of a disciplinary infraction.  The Court addresses the "some evidence" standard for completeness purposes and because Respondent raises this in the converted Motion for Summary Judgment.

evidence." <u>Smith v. Sec'y, Fla. Dep't of Corr.</u>, 432 F. App'x 843, 845 (11th Cir. 2011).[3]

"Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Hill</u>, 472 U.S. at 456. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." <u>Tedesco v. Sec'y for Dep't of Corr.</u>, 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

"Some evidence" supports the DHO's finding that Clark committed the changed offense of possession of anything not authorized. Specifically, DHO Tisdale considered Clark's admission of the charge, the incident report and investigation, photographs of the prohibited item, and the chain of custody. Doc. 8-2 at 79–80. The record before the Court reveals Clark received all the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary is without merit. In addition, Clark fails to show any dispute as to a fact material to any sufficiency of evidence contention he could have made. Thus, the Court should **GRANT** this portion of Respondent's converted Motion for Summary Judgment.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Clark leave to appeal *in forma pauperis*. Though Clark has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is

---

[3]   The "some evidence" standard is a requirement of procedural, not substantive, due process. <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985) ("We now hold that revocation of good time does not comport with 'the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by some evidence in the record.'") (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974)); <u>see also</u> <u>O'Bryant v. Finch</u>, 637 F.3d 1207, 1213 (11th Cir. 2011) (noting in <u>Wolff</u> and <u>Hill</u> "the Supreme Court addressed the requirements of procedural due process in the prison setting.").

filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Clark's Petition and Respondent's converted Motion for Summary Judgment and Clark's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's converted Motion for Summary Judgment and **DISMISS** Clark's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Clark *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

8

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

9